UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAWRENCE BERNIER,

        Plaintiff,

v.                                       Case No. 05-C-0482

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

**ORDER**

Plaintiff Lawrence Bernier challenged the decision of Defendant Jo Anne B. Barnhart, Commissioner of Social Security, to deny plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 402(e), insofar as that application sought DIB for periods prior to plaintiff's fifty-fifth birthday. The court found that the denial was not supported by substantial evidence and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff has now moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). For the following reasons, his motion will be granted.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the

position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A plaintiff seeking fees must show that he has prevailed and prove the amount of his fees. 28 U.S.C. § 2412(d)(1)(B). The parties agree that plaintiff prevailed in this litigation. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (holding that plaintiff who secures sentence-four remand is "prevailing party" under EAJA). Plaintiff's counsel submits an affidavit showing that he spent 39.3 hours on the litigation. At an hourly rate of $151.63 (the maximum allowable rate for 2005), plaintiff's counsel's fees total $5,959.06.

In addition to showing that he has prevailed and the amount of his fees, a plaintiff seeking an award of fees must also allege that the government's position was not substantially justified. *Id.* The burden thereafter rests on the government to rebut that allegation. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). The government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A position can be substantially justified even though it is not correct . . . ." *Id.* at 566 n.2; *see also Magray v. Sullivan*, 807 F. Supp. 495, 500 (E.D. Wis. 1992).

Defendant argues that her position before this court was substantially justified such that an award of fees would be inappropriate here. This court remanded the case for further proceedings because of the ALJ's failure to evaluate an opinion of Dr. Robert Callear, a state agency physician.

2

20 C.F.R. § 404.1527(f)(2)(ii) provides that "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . ." The ALJ's failure to evaluate Dr. Callear's opinion thus amounted to a procedural error. While a district court may decline to reverse and remand an ALJ's decision where it is clear that a procedural error was harmless, *see Alejandro v. Barnhart*, 291 F. Supp. 497, 515 (S.D. Tex. 2003), the court could not make such a finding in this case. ""Where an ALJ does not comply with the clear requirements of [an] SSR . . . and the Commissioner opposes reversal and remand, the Commissioner's position is not substantially justified." *Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1168 (E.D. Wis. 2002) (quoting *Williams v. Chater*, No. 96-C-1833, 1996 WL 650620, at *2 (N. D. Ill. Nov.7, 1996)).

Defendant also argues that plaintiff's counsel spent an excessive amount of time on this case. Pointing out that plaintiff's counsel is an experienced social security lawyer who also represented plaintiff at the administrative level, defendant asks the court to reduce compensation for time spent drafting briefs from 35.5 hours to 20.0 hours. Defendant does not contend that plaintiff's counsel has misrepresented the time spent on the briefs, which total 48 pages. The court does not believe that 35.5 hours is an unreasonable amount of time for the preparation of briefs totaling 48 pages–even if counsel was familiar with the case. Accordingly, the court will award the full requested amount of $5,959.06 for 39.3 hours of work.

Plaintiff's counsel seeks $712.66 for 4.7 additional hours spent defending his EAJA request against defendant's opposition. Such an award is appropriate upon a finding that the government's position in the underlying litigation was not substantially justified. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990). Accordingly, the court will award $712.66 for 4.7 additional hours of work.

3

**IT IS THEREFORE ORDERED** that plaintiff's motion for award of attorney's fees is hereby **GRANTED** in the amount of $6,671.72.

Dated this   17th   day of July, 2006.

><br>
>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge